[No. 4524. Decided February 28, 1903.]

ELLEN DAVIES et vir, Respondents, v. RAPHAEL CHEA-
DLE et al., Appellants.

QUIETING TITLE — POSSESSION UNDER ORAL CONTRACT TO DEVISE —
SUFFICIENCY OF COMPLAINT.

In an action to enforce a contract for a conveyance of land and quiet title thereunder, the complaint states a cause of action when it sets up an oral agreement for the devise of land to plaintiff in consideration of the care of the grantor in his lifetime; that plaintiff was put in possession of the land under said agreement and is still in possession thereunder; that the grantor failed to convey or devise said land to her; that she fully performed and discharged her obligations under the contract by caring for the grantor until his death; and that nothing remains undone to fully execute the contract except a formal conveyance of the legal title.

SAME — EQUITY — RELIEF WARRANTED BY FACTS ESTABLISHED.

Under such circumstances, the facts alleged showed a case for specific performance, but, the jurisdiction of a court of equity having attached, the court was warranted in decreeing that title be quieted, inasmuch as the action was brought by one in possession and having the equitable title against the heirs of the intestate, and such relief is the equivalent of specific performance.

APPEAL — RECITALS IN RECORD — CONTRADICTION BY AFFIDAVIT.

Where the record recites that parties were present in person and by attorney at the time the court's findings of fact were signed, such recital cannot be contradicted by affidavits.

ADMISSION OF EVIDENCE IN EQUITY ACTION — HARMLESS ERROR.

Error in the admission of testimony will not warrant a reversal of a cause of equitable cognizance, which is triable *de novo* on appeal, if there is sufficient competent evidence to sustain the lower court's findings and judgment.

SPECIFIC PERFORMANCE — ADMISSIBILITY OF EVIDENCE.

Where it is sought to establish an oral contract between parties, the unilateral written agreement of one of them is admissible in evidence as a declaration on his part concerning the subject-matter of the alleged oral contract.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Affirmed.

*W. F. Hays* and *Jesse P. Houser,* for appellants.

*John E. Humphries* and *Harrison Bostwick,* for respondents.

The opinion of the court was delivered by

HADLEY, J.—This action was brought by respondents against appellants to quiet title. Respondents are husband and wife. They allege in substance that on the 6th day of October, 1901, one Lamar Cheadle, then a resident of King county, Washington, departed this life; that said Lamar Cheadle was unmarried, and left no wife, children, father, or mother surviving him, his only heirs at law being his brother and sister, the appellants herein, Raphael Cheadle and Marinda Schaffer; that said Raphael Cheadle is the administrator of the estate of said Lamar Cheadle; that said Lamar Cheadle, being then the owner of certain real estate described in the complaint, did, on the 13th day of July, 1901, enter into an oral contract with respondent Ellen Davies, by the terms of which it was agreed between them that said Ellen Davies should move into the house occupied by said Lamar Cheadle, which was situate upon the real estate described,

the same being farming land; that she should take possession of the land, superintend the farm and household duties connected therewith, live upon the farm with said Lamar Cheadle during his life, and administer to him and care for him as far as lay within her power during the remainder of his life; that she was to have all the products of the farm, the use of the farm, farming utensils, household furniture, and other property, the same as if all were her own, during the life time of said Lamar Cheadle, and she was to pay him one-third of the money received from the sale of products of the farm during his life time; that at his death all of the real estate in the complaint described, together with the household furniture, farming implements, live stock, and all other personal property belonging to or connected with said farm, should become the property of said Ellen Davies; that said Lamar Cheadle agreed to give, devise, and bequeath all of said property to said Ellen Davies in consideration that she should perform the contract on her part to be performed. It is further alleged that said Lamar Cheadle, as evidence of said agreement, and relating to the property described in the complaint, did, on July 13th, 1901, execute and deliver to said Ellen Davies a statement in writing, of which the following is a copy:

"Adelaide, Wash., July 13, 1901.

"This is to certify that I, Lamar Cheadle, have this day entered into a contract with Mrs. Ellen Davies whereby she agrees to take charge of my farm at Adelaide, Wash., and conduct my house and farm and board and care for me during my life time and also give me one-third of the cash proceeds accruing from said farm, from the sale of fruit, stock and product on said farm during my life, and I agree to bequeath to Mrs. Ellen Davies at my death said farm, together with all stock, farming implements and household goods and furniture belong-

ing thereto.   The reason for not making my last will
and testament at once is that I have important business
interest that must be adjusted before that can be done,
but that as soon as said business matters can be arranged
I agree to complete this contract according to the terms
herein specified.                        "Lamar Cheadle.
   "Witness: D. F. Davies, Rose E. Rhodes."   (Seal.)

   It is further averred that said Ellen Davies, in pur-
suance of the terms of said contract, took full and com-
plete possession of said farm and personal property, the
same having been delivered to her by said Lamar Cheadle
on or about July 13, 1901, and that she at once entered
upon the performanec of her contract and fully per-
formed the same by administering to said Lamar Cheadle
and caring for him until the time of his death; that
said respondent has been in full and complete possession
and control of all of said property, since the death of
said Cheadle, under the terms of said contract.   It is
further alleged that the deceased left other property suffi-
cient to discharge all his indebtedness existing at the time
said contract was made; that said estate is wholly solvent,
and that there is sufficient property aside from that
included in said contract to pay all debts and liabilities
of the estate, including funeral expenses.   It is averred
that the appellants are claiming that the administrator
is entitled to the possession of said personal property and
to the control of said real estate, and that said Raphael
Cheadle and Marinda Schaffer are claiming to be the own-
ers and entitled to the possession of said real estate, and are
demanding of said respondent Ellen Davies that they shall
be let into possession of all said property; that said claim
of appellants constitutes a cloud upon the title of said
Ellen Davies; that in equity said property belongs to
her, and that appellants have no right, title, or interest

therein.  It is alleged that respondent David F. Davies, as the husband of said Ellen Davies, released to her all community rights in the proceeds of said contract, and that the same is her separate property.  The complaint demands that the title to said property be quieted in respondent Ellen Davies.  Such proceedings were had that issue was joined upon said complaint, a trial was had before the court without a jury, resulting in a judgment in favor of respondents in accordance with the demand of the complaint.  From that judgment this appeal is prosecuted.

It is assigned as error that the court overruled appellants' demurrer to the second amended complaint.  The demurrer is general, and simply challenges the complaint as not stating a cause of action.  We have above set forth with some particularity the material facts stated in the complaint, more especially to serve the purposes of the discussion of this assignment of error.  We think the complaint states a cause of action within the rule of many authorities.  It alleges, it is true, an oral agreement to convey real estate; but it further alleges a complete performance of that agreement on the part of the respondent Ellen Davies, and a part performance on the part of the deceased.  The face of the complaint shows that the deceased placed the said respondent in full possession under the agreement; that she fully discharged her obligations under the contract during the life time of the deceased, is still in possession thereunder, and that nothing remains undone to fully execute the contract except a formal conveyance of the legal title.  This shows such a performance as takes the contract out of the statute of frauds.  It shows the equitable title to rest in respondent Ellen Davies; that she is entitled to the enforcement of the oral agreement thus by her performed, and to have

her title quieted. *McCullom v. Mackrell,* 13 S. D. 262 (83 N. W. 255); *Svanburg v. Fosseen,* 75 Minn. 350 (78 N. W. 4, 43 L .R. A. 427, 74 Am. St. Rep. 490); *Brinton v. Van Cott,* 8 Utah 480 (33 Pac. 218); *Kofka v. Rosicky,* 41 Neb. 328 (59 N. W. 788, 25 L. R. A. 207, 43 Am. St. Rep. 685); *Bryson v. McShane,* 48 W. Va. 126 (49 L. R. A. 527, 35 S. E. 848).

Many other cases are cited by respondents' counsel, but the rule is a well established one, and we will not cite other cases. The cases cited above rest upon facts similar to those of the case at bar. The facts alleged show respondent Ellen Davies entitled to some relief. Ordinarily the relief asked under such circumstances is specific performance, but, being in possession of the property, a decree quieting title is asked. The facts recited being such as bring the case within the jurisdiction of a court of equity, and that jurisdiction having attached, it extends to the whole controversy, and whatever relief the facts warrant will be granted. *Jordan v. Coulter,* 30 Wash. 116 (70 Pac. 257). A decree quieting title in this instance is in effect the equivalent of specific performance, since the action is brought by one already in possession and against the heirs of an intestate.

A number of errors are assigned upon the findings of the court. These assignments involve both the sufficiency and competency of the evidence. A controversy has arisen between counsel concerning exceptions taken by appellants to the findings of facts and conclusions of law. Respondents' counsel contend that no sufficient exceptions to the findings were taken, and for that reason a review of the findings and evidence cannot be had. At the foot of the findings, as shown by the record, appears the following:

"To each and every one of the above findings of fact the defendants in person and by their attorney duly except, and their exceptions are hereby allowed.

"Boyd J. Tallman, Judge."

"June 5, 1902."

A similar statement follows the conclusions of law. Respondents urge that the above portion of the record shows that appellants' counsel was present when the findings were signed, and that no other exceptions were taken. Such general exceptions have been repeatedly held by this court to be insufficient to challenge attention to any spe-cific finding, and a review of the facts has been as repeat-edly refused under such exceptions. It is our duty to follow that rule here, if such are the only exceptions in the record. Other specific exceptions,. however, appear as having been filed June 12, 1902, seven days after the findings were filed. Appellants seek now by affidavit to contradict the statement in the record that they were present in person and by attorney, and took the general exceptions at the time the findings were signed. We can-not permit the record to be thus contradicted, and must decline to consider the affidavit. But with appellants present and taking the exceptions at the time as recited in the record, we know of no reason why they might not have filed more specific exceptions within five days, as provided by § 5052, Bal. Code. The exceptions were, however, not filed for seven days after the filing of the findings, but the record further shows that on the 9th day of June respondents served written notice upon appellants of the signing and filing of the findings and conclusions. The section of the statute provides, among other things, that exceptions may be taken by filing written exceptions "where the report or decision is signed subsequently to the hearing and in the absence of the party excepting, within

five days after the service on such party of a copy of such report or decision or of written notice of the filing thereof." Appellants being present, as shown by the record, when the findings were signed, it was not mandatory that respondents should serve written notice of the signing and filing of the findings. They elected, however, to make such service, and appellants' exceptions were filed within five days thereafter. It is somewhat doubtful if, under this record and the statute, appellants are entitled to have this evidence reviewed; but in order that no injustice may be done, since respondents elected to give written notice of the signing and filing of the findings, and since because of that fact appellants seem to have acted upon the date of such service as fixing the beginning of the five-day period, we have concluded to consider the exceptions and review the statement of facts.

We have read all the evidence and examined all the exhibits. Error is assigned upon the introduction of testimony. We have held that this is not of itself sufficient to warrant a reversal of an equity cause, which is triable de novo in this court. Rohrer v. Snyder, 29 Wash. 199 (69 Pac. 748). If there is sufficient competent evidence to sustain the court's findings and judgment, this court will not reverse a cause because there may have been some incompetent evidence admitted. There is ample evidence to support the court's findings in this case. There is much conflict, to be sure, but not such as leads us to the belief that we should disturb the findings of the trial judge, who saw and heard these disputing witnesses. The main point was to determine if the alleged contract existed. If the contract actually existed, then, under the evidence, there is little room to contend that respondent Ellen Davies did not perform her part of it. As an evidence of, and as relating to, the actual contract, the original writing,

a copy of which is above set out, was introduced in evidence. This writing was not introduced as the contract itself. It is incomplete as a contract in itself, but it was properly admitted as a declaration of the deceased concerning the subject-matter of the alleged oral contract. The genuineness of the signature to that paper is disputed. An expert, by comparison, and some other witnesses who have seen the deceased write, were of the opinion that the signature is not that of the deceased. Another expert, by comparison with admitted signatures, pronounced it genuine, as did also other witnesses. Miss Rhodes, one of the subscribing witnesses to the instrument, testified that it was the signature of Lamar Cheadle, and that she saw him write it. This witness is not impeached, and, for aught that appears in the record, she is as credible as any others who testified. We have examined the signature and compared it with others admitted to be genuine. We have also examined the photographs of that and of the other signatures submitted along with other exhibits. From such examination we are led to the same conclusion as that reached by the trial court. Taking all the evidence together, unless absolute perjury was committed, the findings of the trial court were right. To have found otherwise would have practically determined that respondents and Miss Rhodes were guilty of false testimony, and that, too, in the absence of impeaching testimony; whereas the findings as made do not necessarily so involve any of the witnesses.

The judgment is affirmed.

FULLERTON, C. J., and DUNBAR, MOUNT and ANDERS, JJ., concur.