[No. 15580.  Department Two.  April 8, 1920.]

HOLLY-MASON HARDWARE COMPANY, *Appellant*, v.
J. M. SCHNATTERLY *et al., Respondents.*[1]

APPEAL (102).— DECISIONS REVIEWABLE — CESSATION OF CONTRO-
VERSY—LAPSE OF TIME.  An appeal from an order refusing a writ
of assistance to put a mortgagee in possession during the period of
redemption will be dismissed, where before the hearing, the period
of redemption had expired and any decision would be academic and
without effect upon any controversy between the parties.

Appeal from an order of the superior court for Spo-
kane county, Blake, J., entered September 9, 1919, de-
nying an application for a writ of assistance, after
a hearing before the court.  Affirmed.

*Samuel R. Stern*, for appellant.
*Plummer & Lavin*, for respondents.

PER CURIAM.—The appellant, Holly-Mason Hard-
ware Company, holding a mortgage upon certain real
property executed by the respondents Schnatterly and
wife, brought suit to foreclose the same, and obtained
a decree of foreclosure on November 25, 1918.  An or-
der of sale was issued on the decree and the property
was sold to the appellant on March 1, 1919, which sale
was confirmed by the court ordering the sale, on March
29, 1919.

On July 14, 1919, the appellant applied to the court
for a writ of assistance to obtain possession of the
property, averring, in an affidavit filed in support of
the application, that the appellant was entitled to such
possession and had been so entitled since the sale on
March 1, 1919; that the respondents were in possession
thereof and had refused to surrender the property to

[1] Reported in 189 Pac. 545.

the· appellant, although demand had been made upon them therefor.

The respondents resisted the application on the ground that, at the time of the execution of the mortgage, at the time of its foreclosure, and at all times intervening and since they had occupied the premises as a home for themselves and their family and had, prior to the sale thereof under the mortgage foreclosure proceeding, filed a declaration of homestead thereon, under and pursuant to the statutes of the state of Washington, and by reason thereof were entitled to the possession of the premises until the period of redemption expired, namely, until March 1, 1920.

The application came on for hearing before the court on September 9, 1919, and on that day the court entered an order denying the same. Notice of appeal from the order was given by the appellant on the same day. The appeal was allowed to take its regular course, and the cause was submitted to this court on February 4, 1920, on the question whether the trial court erred in denying the writ of assistance.

From the foregoing statement, it is at once apparent that the question this court is called upon to decide is academic, in so far as any right of the parties to the appeal is affected thereby, and that it was such at the time the cause was submitted to this court for decision. As the respondents contended only for the right of possession during the period of redemption, their right expired on March 1, 1920, and as the statute regulating the appellate procedure (Rem. Code, § 1740) provides that a remittitur upon a judgment of this court shall not be sent down to the lower court until thirty days after the decision is filed, under no possible condition could the court, since the cause was submitted, have rendered a decision that would have determined any controversy between the parties.

Courts will not knowingly determine moot questions, however much such a determination may be desired by the parties, nor will it determine the merits of an appeal in order to determine which of the parties shall pay the costs.

So in this instance we decline to pass upon the issue presented, and direct that the order appealed stand as affirmed, without costs to either party.