[No. 16841. Department One. March 3, 1922.]

GEORGE SAYLES, *Respondent,* v. THE CITY OF SEATTLE
*et al., Appellants.*[1]

APPEAL (102)—RIGHT TO APPEAL—CESSATION OF CONTROVERSY—
LAPSE OF TIME. Where a business license expires pending appeal
from a judgment determining the rights of the parties in an action
to restrain the city from revoking the license, the question becomes
a moot one which the supreme court will not decide nor entertain
for the purpose of determining costs.

Appeal from a judgment of the superior court for
King county, Smith, J., entered April 22, 1921, in favor
of the plaintiff, in an action for an injunction, tried to
the court. Affirmed.

*Walter F. Meier, Edwin C. Ewing,* and *Charles T.
Donworth,* for appellants.

*Guie & Halverstadt* and *Carroll B. Graves,* for re-
spondent.

TOLMAN, J.—Respondent, as plaintiff, brought this
action to enjoin the city of Seattle and its officers from

[1]Reported in 204 Pac. 778.

enforcing an ordinance (No. 41886) enacted by the city council on January 31, 1921, revoking a license theretofore issued to him to maintain and operate a billiard and pool parlor at a designated place within the city, and to enjoin any interference with his conduct of that business under such license. From a decree granting him the relief sought, this appeal is prosecuted.

It clearly appears from the record that the license herein referred to, by its terms, expired not later than January 5, 1922, and therefore, when this case was reached for hearing in this court, the license and all rights thereunder had wholly ceased to exist, and the question at issue had become a moot one only. This court has uniformly held that it will not consider or decide cases when no controversy longer exists, nor entertain jurisdiction for the purpose of determining the mere question of costs. *Holly-Mason Hardware Co. v. Schnatterly,* 111 Wash. 29, 189 Pac. 545; *Wilson v. Fraser,* 67 Wash. 347, 121 Pac. 829, and cases there cited.

For the reasons given, the judgment appealed from will stand affirmed, without costs to either party.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.