THE STATE OF WASHINGTON, *on the Relation of Howell T. Jones, Appellant,* v. JOHN R. BYERS, *as County School Superintendent of Snohomish County, Respondent.*[1]

*A. E. Dailey* and *F. C. Knappe,* for appellant.

*C. P. Brownlee* and *J. W. Dootson,* for respondent.

STEINERT, J.—This is an appeal from a decree denying relator's petition for an order restraining the holding of an election upon a proposition to dissolve a certain school district and in its place form a new one by consolidation of several others.

The facts are not disputed and may be summarized as follows: Chapter 248, p. 833, Laws of 1941 (Rem. Supp. 1941, § 4709-1 [P. P. C. § 900-1] *et seq.*), relating to the formation of school districts, became effective April 1, 1941. Section 5 of the act (Rem. Supp. 1941, § 4709-5 [P. P. C. § 900-9]) provides that the various county committees created by the act shall have the power and it shall be their duty to prepare and submit to the state committee, likewise so created, within one and one-half years after the appoint-

[1]Reported in 167 P. (2d) 464.

ment of the particular county committee, "a comprehensive plan" for the reorganization of school districts within that county.

Pursuant to that act, a county committee for Snohomish county was appointed and was organized as such on October 14, 1941. Thereafter, in January, 1943, which was within one and one-half years following its appointment, the county committee adopted, and on January 29th submitted to the state committee, a "purported" comprehensive plan for the reorganization of school districts in Snohomish county. That plan did not, however, make mention of the proposed dissolution and consolidation involved in the present action. The state committee did not officially inform the county committee whether the proposed plan was satisfactory or unsatisfactory, nor did the county committee request of the state committee assistance in a revision of the plan.

On May 18, 1944, which was more than one and one-half years following its appointment, the county committee submitted to the state committee a revision of the original plan and in its revision recommended the dissolution and reorganization with which we are here concerned, but at the same time suggested to the state committee the possibility of a modification of the revised plan in one particular respect. On July 31, 1944, the county committee adopted, and on the same day forwarded to the state committee, a further proposal for the specific dissolution and reorganization presently involved.

Thereafter, on August 10, 1944, the state committee approved the proposal and apparently authorized the county superintendent of schools for Snohomish county, the respondent herein, to call an election on such proposal. Although the superintendent made no order establishing the proposed transfers and adjustments affecting the districts now under consideration, he did, on August 12, 1944, call a special election upon the proposal, to be held August 26, 1944.

At this juncture, the appellant relator, a resident and taxpayer of one of the school districts covered by the

proposal, on August 22, 1944, instituted the present action to enjoin the county superintendent from proceeding further with the proposed plan of January 29, 1943, or any subsequent plan, and from holding the noticed election or canvassing and announcing any returns therefrom. On the same day, he procured from the superior court an order directing the respondent to show cause on August 25th why a restraining order as prayed for should not be issued against him.

On the return day, the court entered an order, on stipulation of the parties, continuing the matter to September 21st for hearing on the merits, it being then understood that no election would be held in the meantime. The cause then came on duly for hearing on the day set, and evidence consisting of oral testimony and various documents was submitted. At the conclusion of the evidence and argument, the trial court rendered an oral decision expressing its views at length and denying the prayer of the petition. Later, on October 3, 1944, the court entered its formal order carrying its oral decision into effect. On the following day, the appellant herein moved for judgment notwithstanding the decision or for a new trial, basing the latter part of the motion on all the statutory grounds. The motion was not called up for hearing, however, until May 26, 1945, at which time it was denied by order entered May 28th.

In the meantime, on November 7, 1944, which was after the order denying an injunction had been entered, an election covering the original proposal was held, the proposition therein involved received a favorable vote under the requirements of the law in such matters, and an order establishing the new district was duly entered.

Appellant's principal attack upon the order denying his prayer for an injunction proceeds upon the contention that the provisions of the 1941 statute with respect to "a comprehensive plan" and the time within which such plan must be submitted by the county committee are mandatory; that none of the plans submitted by the county committee is a "comprehensive plan" as contemplated by the statute; and that the plan of May 18, 1944, upon which the election was

held, was not submitted by the county committee within the one and one-half year limitation period.

For reasons which will presently appear, we express no opinion on any of the questions involved in this contention.

■ As stated above, the election sought to be enjoined in this action has since been held, and, pursuant thereto, the new district has been established, to comprise the various districts here involved. As also appears from what has been stated above, at no time subsequent to September 21, 1944, the day on which appellant's petition was denied, was any injunctive or restraining order in force. The respondent, acting in his official capacity, was therefore at liberty to provide for and hold an election, which he did. In other words, the thing which the appellant sought to prevent has become an accomplished fact. This court cannot now prevent the doing of a thing which has already been done. Whether the appellant was right or wrong in his original contention, the objective which he sought has by force of law and circumstances become impossible of attainment. The litigation was instituted solely for the purpose of preventing an election which had been called to be held on a certain date, but, the election having since been held at a time when no order restraining it was in force, the question presented here is abstract and academic. The case is therefore moot.

We have repeatedly held that we will not review a proceeding or cause which has become moot. In the case of *Mackay v. Dever*, 49 Wash. 439, 95 Pac. 860, the plaintiff, a taxpayer, sought to restrain a city clerk from incurring expense at a primary election to be held on a certain day. In dismissing the appeal, this court said:

"The election against which the injunction is sought has already been held, or can never be held; the expense of the election has been incurred, or will not be incurred, and this court cannot restrain or undo what has already been done. To all intents and purposes there has been a cessation of the controversy. No effectual judgment can be rendered, and under such circumstances it has been the uniform practice of this court to dismiss the appeal. [Citing cases.]"

In the concluding part of the opinion in that case, it is further stated:

"It has been suggested that the question is a recurring one and will arise again, but in the language of the court of appeals of New York [*In re Manning,* 139 N. Y. 446, 34 N. E. 931]: 'The demands of actual practical litigation are too pressing to permit the examination or discussion of academic questions, such as this case in its present situation presents.' "

In *State ex rel. Chapman v. Superior Court,* 15 Wn. (2d) 637, 131 P. (2d) 958, we refused to review by writ of certiorari a judgment of the superior court requiring an election board to place the names of certain persons on the official ballot to be used at a general election. The reason assigned for our refusal was that at the time of the hearing of the matter in this court the election had already been held, and the question presented was therefore moot. Many cases supporting the rule are cited and discussed in the opinion. Additional cases to the same effect will be found in the dissenting opinion appearing in *In re Ellern,* 23 Wn. (2d) 219, 160 P. (2d) 639.

Appellant makes the further contention that the 1941 act relating to the reorganization of school districts is violative of Art. I, § 3, of the constitution of the state of Washington, which protects a person against deprivation of his property without due process of law.

This question was not raised in the superior court but is presented for the first time in appellant's brief on appeal. The constitutionality of a statute cannot ordinarily be first questioned on appeal. *Unemployment Compensation Department v. Hunt,* 17 Wn. (2d) 228, 135 P. (2d) 89; 8 Bancroft, Code Practice and Remedies, 8479, § 6433; 5 Bancroft, Code Pleading, Practice and Remedies (Ten Year Supp.), 4102, § 6433. This is especially true where, as in this case, the constitutionality of the particular statute depends on questions of fact as well as of law. 4 C. J. S. 454, Appeal & Error, § 234.

Moreover, this very question, involving the same statute, was raised in *Wheeler School Dist. v. Hawley,* 18 Wn.

(2d) 37, 137 P. (2d) 1010, wherein it was squarely held that the statute did not violate the constitutional provision against the taking of property without due process of law.

Appellant urges, however, that we reconsider the question because of the fact that the 1941 act has been amended by chapter 21, p. 45, Laws of 1945, to correct an inequity which the appellant asserts existed in the earlier act. A sufficient answer to appellant's request is that this election was held in pursuance of the provisions of the 1941 act, at a time when that act was in full force and effect, and before the time when the 1945 act became effective.

For the reasons previously given herein upon appellant's main contention, the appeal will be dismissed.

DRIVER, C. J., SIMPSON, and MALLERY, JJ., concur.

MILLARD, J., concurs in the result.

[No. 29862. Department One. March 21, 1946.]