[No. 30452.  Department One.   October 6, 1948.]

*In the Matter of the Estate of* ADELINE S. SCHNOOR, *Deceased.*
HENRY A. SCHNOOR, *Appellant,* v. CARL SCHNOOR, *as*
*Administrator, Respondent.*[1]

[1]Reported in 198 P. (2d) 184.

*Agnes N. Richmond* and *Stanley C. Soderland,* for appellant.

*Mifflin & Mifflin,* for respondent.

SCHWELLENBACH, J.—On November 28, 1938, Adeline S. Schnoor died, leaving surviving her a son, Carl Schnoor, who qualified and was appointed administrator of the above-entitled estate. Thereafter, he filed an inventory of the estate. On May 2, 1947, Henry A. Schnoor, also a son of Adeline S. Schnoor, and a brother of Carl Schnoor, filed his third amended petition, seeking to have certain described realty stricken from the inventory of the estate. The administrator filed a demurrer to each of the two causes of action, both of which were sustained, and petitioner's application to file a fourth amended petition was denied.

The petitioner appeals from an order of dismissal entered with prejudice on August 29, 1947, assigning as error the action of the trial court in sustaining the demurrer to his third amended petition and in denying him leave to amend. The material allegations of the petition are:

"For a First Cause of Action, petitioner alleges . . .
"II. That the property described in said inventory does not belong to the estate of Adeline S. Schnoor, Deceased;

"That Carl Schnoor, the Administrator in the above-entitled cause, knowing full well to whom the property belonged, wilfully and wrongfully set out in said inventory that the following described property, to-wit:

"Lot Twenty-six (26) in Block Four (4) of Hillman's Seattle Garden Tracts, according to plat recorded in volume 11 of plats, page 24, records of said King County, as the property belonging to said estate;

"III. That the said property described in Paragraph II belongs to the Petitioner herein; that said property was a gift to him from his mother, Adeline S. Schnoor, confirming an oral agreement; that immediately prior to the death of his mother, Adeline S. Schnoor, the decedent herein, and on or about the 14th day of November, 1938, she, the said Adeline S. Schnoor, declared orally that she had given to her son, Henry A. Schnoor, the property consisting of the home and contents to be his property free and clear of any claim on the part of any of the other children; that on numerous other occasions prior to the said date, she had declared that the property belonged to her son Henry; that in 1921, Adeline S. Schnoor, decedent herein, and her husband, Charles H. W. Schnoor, also deceased, mother and father, respectively, of the petitioner, orally agreed with Henry A. Schnoor, petitioner herein, that if he would resign from the Navy and come home to live with and help take care of them during their life-time, that all of their property should belong to him upon their death; that in accordance therewith, he obtained his release from the U. S. Navy and came home to live with his parents; that he gave up his chosen career, lived at home with his said parents and took care of them until the time of their death.

"And for Second Cause of Action, your petitioner further alleges

"I. That he has resided on said property and has been in undisputed, open, notorious and continuous possession of same for more than eight (8) years last past; that he has paid all of the taxes on said property during said period of eight (8) years and prior thereto;

"II. That said property should be stricken from the inventory;

"III. That your petitioner had no knowledge whatsoever of the commencement of any probate proceedings to claim any property belonging to Adeline S. Schnoor until on or about the 20th day of August, 1946, when the Administrator, Carl Schnoor, came to the petitioner and demanded that he

immediately move from the house located on the above-described premises and on failure so to do, threatened to take court action to dispossess him."

The petitioner then prayed that the property be stricken from the inventory. Respondent thereupon filed a motion to strike or elect and also filed a demurrer on the following grounds:

"(1) That there is a defect of parties petitioner and respondent;

"(2) That several alleged causes of action have been improperly united;

"(3) That said Amended Petition does not state facts sufficient to constitute a cause of action;

"(4) That the proceeding has not been commenced within the time limited by law."

The trial court sustained the demurrer as to both causes of action and did not pass upon the motion.

Rem. Rev. Stat., § 285 [P.P.C. § 86-3], provides:

"In the construction of a pleading, for the purpose of determining its effect, its allegation [s] shall be liberally construed, with a view to substantial justice between the parties."

The only question for determination is as to the sufficiency of the pleading; whether either alleged cause of action stated facts sufficient to constitute a cause of action.

We shall consider first the second cause of action alleged in the third amended petition. Rem. Rev. Stat., § 788 [P.P.C. § 24-45], provides:

"Every person in actual, open and notorious possession of lands, or tenements under claim and color of title, made in good faith, and who shall for seven successive years continue in possession and shall also during said time pay all taxes legally assessed on such lands or tenements, shall be held and adjudged to be the legal owner of said lands or tenements, to the extent and according to the purport of his or her paper title. . . ."

■ That possession be "under claim and color of title, made in good faith," has been held to be an essential element to support a claim made under this statute. *Bassett v. Spokane*, 98 Wash. 654, 168 Pac. 478; *Grays Harbor Com-*

*mercial Co. v. McCulloch,* 113 Wash. 203, 193 Pac. 709. By failing to so allege, petitioner has not pleaded facts sufficient to constitute a cause of action, and respondent's demurrer to the second cause of action was properly sustained.

■ The next assignment of error was that the trial court erred in sustaining the demurrer to the first cause of action.

The third amended petition states nothing new with regard to the gift of the property to petitioner from his mother which was not contained in his second amended petition. The trial judge sustained a demurrer to this cause of action in the second amended petition and in his memorandum decision said:

"The allegation is that the deceased said that the property was a gift to said petitioner and that immediately prior to her death she had declared orally that she had given the property to him and that on numerous other occasions she had made other similar declarations.

"In the case of *Reinhardt v. Fleming,* 18 Wn. (2d) 637, which is relied upon by said petitioner, it appears that to make out a case of a parol gift of real property and to void [avoid] Rem. Rev. Stat., § 550 [§ 10550], four things must appear: (1) the gift must be an absolute, present gift; (2) possession must be given; (3) permanent valuable improvements must be made which cannot be compensated for in damages; and lastly, the donee must have changed his condition or been induced to forego some benefit or assume some liability such as would make it unequitable not to enforce the gift. Clearly, there is no language in this second amended petition in the first cause of action that meets the third and fourth requirements."

The trial judge was correct in sustaining the demurrer, and we approve and adopt the above language as applying equally to the alleged gift in the third amended petition, nothing new having been alleged in support of the parol gift of realty.

The new allegations contained in this petition are relative to an oral contract to support petitioner's parents. Such procedure is permitted under Rule of Practice 6, 18 Wn. (2d) 34-a.

■ Although the relief sought in the case at bar is that the property be stricken from the inventory, the facts

pleaded in the first cause of action will have to be sufficient to entitle appellant to specific performance of the alleged agreement, in order to have the property stricken. Therefore, we shall treat the action as one for specific performance.

*Davies v. Cheadle*, 31 Wash. 168, 71 Pac. 728, was an action involving an oral contract to devise, in consideration of the care of the grantor during his lifetime. The relief asked was that title be quieted in the plaintiff. However, the court treated the action as one for specific performance, since the facts recited brought the case within the jurisdiction of a court of equity. Jurisdiction having once attached, it extends to the whole controversy, and whatever relief the facts warrant will be granted.

The action was brought against the heirs of the intestate by the plaintiff who was in possession. Error was assigned to the overruling of appellant's demurrer to the second amended complaint on the ground that the complaint did not state a cause of action. The complaint described with particularity the oral contract relied upon and the performance thereof, setting forth its terms in detail. The court therein said:

"We think the complaint states a cause of action within the rule of many authorities. It alleges, it is true, an oral agreement to convey real estate; but it further alleges a complete performance of that agreement on the part of the respondent Ellen Davies, and a part performance on the part of the deceased. The face of the complaint shows that the deceased placed the said respondent in full possession under the agreement; that she fully discharged her obligations under the contract during the life time of the deceased, is still in possession thereunder, and that nothing remains undone to fully execute the contract except a formal conveyance of the legal title. This shows such a performance as takes the contract out of the statute of frauds."

We are firmly of the opinion that the petition in the instant case does not state facts sufficient to entitle appellant to relief. The petition alleges that "said property was a gift to him from his mother, confirming an oral agree-

ment"; that she "declared orally that she had given to her son, Henry A. Schnoor, the property."

Neither of these allegations of gift is consistent with the theory of an agreement entered into in 1921. It is impossible to determine, from reading the petition, whether appellant is relying on a gift or on a contract. There is no allegation that this property was the subject matter of the alleged contract of 1921, or that it was the property of decedent and her husband at that time, or that decedent failed to perform the agreement.

■ Even if we were to concede that the petition states a cause of action, the demurrer was properly sustained for the further reason that there was a defect of parties defendant. The heirs at law of the decedent are necessary parties to an action involving the title to property of deceased. The order sustaining the demurrer was correct.

■ Petitioner also claims that it was error to deny his application for permission to file a fourth amended petition, relying upon Rule of Practice 6 (1), which provides:

"The plaintiff, at any time before the service of the answer, may amend his complaint without leave of court."

Rule 6 (2) provides:

"The court, upon motion, at any stage of an action, may order or give leave to either party to alter or amend any pleading, process, affidavit, or other document in the cause, to the end that the real matter in dispute, and all matters in the action in dispute, between the parties may be completely determined as far as possible in a single proceeding. But the order or leave shall be refused if it appears to the court (a) that the motion was made with intent to delay the action, or (b) that the motion was occasioned by lack of diligence on the part of the moving party and the granting of the motion would unduly delay the action or embarrass any other party, or (c) that, for any other reason, the granting of the motion would be unjust."

And, General Rule of Superior Courts 2, 18 Wn. (2d) 51-a, provides:

". . . but a party may at any time before the adverse party has answered or replied, and before the case is set for

trial, amend his complaint, answer, or reply *once* without leave and without costs . . . " (Italics ours.)

This court held in *Peirce v. Schalkenbach Home for Boys, Inc.,* 5 Wn. (2d) 365, 105 P. (2d) 288, and in *Magee v. Cohn,* 187 Wash. 157, 59 P. (2d) 1131, that granting or denying leave to file a third amended complaint was discretionary with the trial court. All of the above-quoted rules were in effect when these cases were decided. We think that these rules should be considered together and that Rule 6 (1) applies only to the original pleadings. A pleading, once amended, cannot be further amended without leave of court, and the granting or denying thereof is addressed to the sound discretion of the trial court.

We have reviewed all four of petitioner's pleadings and the memorandum decision of the trial court, and we find no abuse of discretion in the action of the trial court in denying petitioner leave to amend by filing a fourth amended petition.

The order appealed from is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and HILL, JJ., concur.