No. 40,653

STATE, ex rel. JOHN ANDERSON, JR., Attorney General, *Appellee*, v. ALLEN ENGLER, Sheriff, Shawnee County, Kansas, *Appellant*.

(317 P. 2d 432)

Opinion filed November 9, 1957.

*John E. Bohannon,* of Topeka, argued the cause and was on the briefs for the appellant.

*Robert E. Hoffman,* Assistant Attorney General, argued the cause, and *John Anderson, Jr.,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action in the nature of quo warranto brought by the state, on the relation of the attorney general, to oust the defendant, Allen Engler, sheriff of Shawnee county, from office on charges of willful misconduct. The petition was filed following an investigation of defendant's actions as sheriff, pursuant to G. S. 1949, Ch. 60, Art. 16.

The petition, filed Saturday morning, January 12, 1957, in substance alleged that on January 11, 1957 defendant (appellant), while serving as sheriff of Shawnee county, attacked one Elmer McNish, a deputy sheriff, during an argument in defendant's office. In the course of the beating defendant announced to McNish that he was fired and under arrest. Defendant continued beating Mc-Nish, inflicting serious blows to his head, face and body, and finally

ordered his prisoner removed to a high security cell ("the hole") in the county jail—a small concrete room with a solid steel door without toilet or sanitary facilities—where McNish was left without medical attention or examination. Plaintiff (appellee) further alleged that defendant was unfit to continue to hold office and to exercise the duties and prerogatives of sheriff and that his continuing in office, even for a very short period of time, constituted a danger and a hazard to the public and to the prisoners charged to his care and control. The prayer of the petition reads as follows:

". . . plaintiff prays the Court for an order ousting the defendant Allen Engler from office and further upon the facts hereinabove alleged does request the Court for an *immediate and forthwith suspension order* relieving the defendant from exercising any of the duties or prerogatives of the office of sheriff and enjoining him from carrying out any function arising out of said office." [Emphasis supplied.]

No summons was issued and no notice of the petition was given defendant, nor was he given an opportunity to be present at the *ex parte* hearing held in the judge's chambers some two hours after the filing of the petition, at which time the trial court issued an order on the verified petition, setting forth the facts summarized above and ordering as follows:

". . . that defendant herein be forthwith suspended from any of the duties or prerogatives of the office of Sheriff of Shawnee County and is enjoined from carrying out or attempting to carry out any such duties or prerogatives, the office of Sheriff of Shawnee County, Kansas, is duly hereby to be vacated."

A copy of the order was sent defendant by special delivery mail, reaching him Sunday, January 13. Upon receipt of the order he relinquished his office to the undersheriff.

Defendant's term of office was to expire by operation of law at noon on Monday, January 14. Before noon of that date he filed a motion to vacate the suspension order, alleging, *inter alia*, that it was issued in disregard of the provisions of G. S. 1949, 60-1616. A hearing was had on the motion the same day, and at that time the trial court found it had jurisdiction, the power and the authority to forthwith suspend defendant from any of his duties or prerogatives of his office as sheriff and to vacate that office forthwith without notice to defendant, regardless of the provisions of 60-1616 of the statutes. The court overruled defendant's motion to vacate. From this order, defendant appeals.

We will consider first the state's motion to dismiss the appeal. It contends that since defendant's term of office expired on January 14—two days after the action and order complained of—and since defendant acquiesced in the order for those two days the controversy is moot and judgment by this court would be unavailing. We cannot accept this contention.

In *Moore v. Smith,* 160 Kan. 167, 160 P. 2d 675, this court declared that as a rule of policy it would not give opinions in matters where judgment could have no practical effect on a then existing controversy. The rule against deciding moot cases operates, even though questions of great public interest are involved. (*Dickey Oil Co. v. Wakefield,* 153 Kan. 489, 111 P. 2d 1113.)

However, since mootness does not affect the court's jurisdiction, it will proceed to judgment whenever dismissal of an appeal adversely affects any rights vital to the parties, even where its judgment will not be directly enforceable because of lapse of time or other changed circumstances. (See *Moore v. Smith,* supra, and cases therein cited.) In that case defendant was enjoined by the district court from assuming the duties of an office he claimed by election for a term which had expired at the time of appeal. It was admitted that judgment could not affect his right to discharge the duties of office and that if the appeal were dismissed defendant might be barred from relief in a subsequent action to recover salary by the defense of *res judicata.* The court proceeded to judgment to avoid the result of precluding the defendant from future relief.

Similarly in the instant case, although judgment could not affect defendant's rights to discharge the duties of the office for which his term had expired, dismissal might adversely affect his rights to recover salary for the period between entry of the order and expiration of the term, inasmuch as the statute provides that if on the final hearing of the petition for ouster the officer is not removed from his office he shall receive the salary allowed him by law during the time of his suspension. Therefore, the defendant has a right to be heard on this appeal, and plaintiff's motion to dismiss is denied.

Defendant's acquiescence in the order for the two days prior to the expiration of his term does not affect his rights. In *State v. Johnston,* 78 Kan. 615, 618, 97 Pac. 790, this court declared:

"The proper manner for parties and their counselors to test the validity of an order of court is not to defy the order, but to move, in the court which issued it or in some court having supervisory jurisdiction, to have it set aside."

By acquiescing in the order and instituting timely proceedings to challenge it, defendant's rights were preserved.

Proceeding to the merits, the question presented is whether the order of January 12 was properly within the power of the district court in view of G. S. 1949, 60-1616. This statute provides for suspension of an officer against whom ouster proceedings have been initiated under G. S. 1949, 60-1609, et seq., pending a final hearing and determination of the matter. Upon suspension, a proper person is to be appointed to temporarily fill the office until the hearing is concluded or a successor elected. The statute further provides:

"No person shall be suspended from office under the provisions of this act until at least five days' notice of the application for the order of suspension shall be served upon him, which notice shall set forth the time and place of the hearing of said application and said officer shall have the right to appear and make any defense that he may have and shall be entitled to a full hearing upon the charges contained in the complaint and upon the application for the order of suspension; and no order for suspension shall be made except upon finding of good cause therefor."

Further, if upon final hearing the officer is not removed from office, he is entitled to his salary during the period of suspension.

Defendant claims that 60-1616 provides an exclusive procedure for suspension of an officer, that the statutory procedure was not followed and, therefore, the order of January 12 was void. Plaintiff contends that, notwithstanding the provisions of 60-1616, a court may issue an *ex parte* restraining order without notice and a full-scale hearing, where in its discretion the actions of the officer pose an immediate hazard to the community. It is argued that such a situation necessitating summary action existed here and that the court acted properly in issuing a restraining order.

We need not discuss the appropriate measures which may be taken where an emergency makes it necessary to protect the community in the period before a hearing may be held and a formal suspension order issued under 60-1616. It is sufficient to note that plaintiff did not apply for a restraining order or a temporary injunction, nor was the order of January 12 of such nature.

Plaintiff in its petition prayed the court for an order ousting defendant from office and for an immediate and forthwith suspension order relieving him of his duties as sheriff. The court's order *suspended* defendant from office, enjoined him from carrying out his duties, *and declared the office of sheriff vacated.* We are mind-

ful of the fact that the restraint which an order purports to impose, and not the name given it, determines its true name and character. (*State v. Johnston,* supra.) The order here was neither a restraining order nor a temporary injunction, nor can it be construed to have such an effect.

The prayer was framed in terms of suspension, which is a corollary to the statutory ouster proceeding. The court's order is framed in terms of suspension and vacation of the office, rather than in terms of restraint. The order declares the office of sheriff vacated —a result which follows from a statutory suspension order but not from a restraining order. The fact that there were only two days between the date of the order and the date of the natural expiration of defendant's term cannot serve to eliminate the necessity for compliance with the statute.

The order of January 12 was one of suspension. The defendant was not given the statutory five days' notice of the application for the order, he was not informed of the time and place of hearing, nor was he given the opportunity to appear and defend. Lacking compliance with these statutory requirements, the order was void and of no effect.

The judgement of the district court is reversed and the case is remanded with directions to the trial court to set aside its order of January 12 suspending defendant and vacating the office of sheriff.

It is so ordered.