[No. 36725.   Department Two.   September 5, 1963.]

RUSTY ROSLING et al., *Respondents*, v. SEATTLE BUILDING AND CONSTRUCTION TRADES COUNCIL et al., *Appellants.**

*Bassett, Davies, Roberts & Donaldson*, by *Richard P. Donaldson*, for appellants.

*Rosling, Williams, Lanza & Kastner*, by *Henry E. Kastner*, for respondents.

Reported in 385 P. (2d) 29.

RYAN, J.[†]—The appellants, who were the defendants in the cause before the superior court, appeal from a judgment dated April 20, 1962, whereby they were permanently enjoined from picketing " . . . plaintiffs' establishment at 615-27 Queen Anne Avenue, Seattle, Washington . . . , " and by which respondents were awarded damages in the sum of $100.

The respondents, under the name Jack Behar Construction Company, were engaged in doing certain construction work to an apartment building which they leased and operated at the above-stated address. They had hired approximately 25 building trades employees, none of whom was a member of appellant Seattle Building and Construction Trades Council, or any of its affiliates. These employees were paid wages substantially below the prevailing union scales in the Seattle area, and received no fringe benefits. However, there was no dispute between them and the respondents, relative to wages or other benefits.

After first having advised respondents of their intentions, by letter dated March 20, 1962, the appellants commenced picketing respondents' premises, on or about March 22, 1962. The picketing was peaceful and no attempt was made to secure a collective bargaining agreement, nor to compel union affiliation by the employees. The work was continued, but certain construction suppliers and their employees ceased delivery of materials to the job, and commercial tenants of the respondents complained of the picketing because of damage to their business. A temporary injunction had been issued April 13, 1962.

This case was submitted to the trial court on an agreed statement of facts. One of the stipulated facts was as follows:

"14. Plaintiffs have commitments under which the building should be completed before the end of April, 1962."

This fact, which was adopted by the trial court in its findings, is unchallenged on this appeal, and appears to

[†]Judge Ryan is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

follow and be based upon the allegation in respondents' complaint that:

"It is imperative that plaintiffs complete the construction and repair work now in progress on said building as soon as possible and before the end of April, 1962."

The injunction issued by the trial court is narrow in scope and restricted to the specific premises named. The stipulated facts indicate that it was necessary to complete the construction project before the end of April, 1962, which is now approximately one year past. Although the record does not disclose the present status of the construction work, it does suggest, and it may well be reasonably assumed, that it has now been completed, and that there is no remaining controversy between the parties.

This poses a question which was not before the trial court, because it did not then exist, nor was it raised in the briefs, and at best was only casually and indirectly referred to by counsel in argument before this court. However, we must now consider it, because

"We have repeatedly held that we will not review a proceeding or cause which has become moot. . . ." *State ex rel. Jones v. Byers*, 24 Wn. (2d) 730, 733, 167 P. (2d) 464 (1946).

In *State ex rel. Johnston v. Tommy Burns, Inc.*, 188 Wash. 263, 264, 62 P. (2d) 47 (1936), we said:

"Although respondents also urge us to decide this question upon the merits, we decline to do so. The question is purely academic, and this court is not required to pass upon such questions. Courts will not knowingly determine moot questions, however much both parties desire such determination. *Holly-Mason Hardware Co. v. Schnatterly*, 111 Wash. 29, 189 Pac. 545; *State ex rel. Burnham v. Superior Court*, 180 Wash. 519, 41 P. (2d) 155. See, also, *Bellingham American Pub. Co. v. Bellingham Pub. Co.*, 145 Wash. 25, 258 Pac. 836."

In *State v. International Typographical Union*, 57 Wn. (2d) 151, 356 P. (2d) 6 (1960), an action arising out of a jurisdictional dispute between two unions, we reiterated the rule that we will not take jurisdiction to decide moot cases, citing *Hansen v. West Coast Wholesale Drug Co.*, 47

Wn. (2d) 825, 827, 289 P. (2d) 718 (1955), wherein we said that:

". . . A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights. . . . This court refuses to take jurisdiction of moot cases."

See, also, *State ex rel. Chapman v. Superior Court*, 15 Wn. (2d) 637, 131 P. (2d) 958 (1942); *National School Studios v. Superior School Photo Ser.*, 40 Wn. (2d) 263, 242 P. (2d) 756 (1952); *Friendly Finance Corp. v. Koster*, 45 Wn. (2d) 374, 274 P. (2d) 586 (1954); and *Brehm v. Retail Food & Drug Clerks Union No. 1105*, 4 Wn. (2d) 98, 102 P. (2d) 685 (1940).

If the construction work on the particular project here involved is now completed, as it would seem it is, neither party could gain any benefit by our either affirming or reversing the judgment of the trial court. We are unable, however, to determine conclusively from the present state of the record, whether the construction work has been completed or not. In view of this fact, we must remand the case to the trial court for entry of further findings of fact relating to this question, with directions to dismiss the appeal, if it is found that the construction is completed.

The case is remanded to the trial court, which is directed to proceed in accordance with the instructions herein contained.

OTT, C. J., DONWORTH, and HAMILTON, JJ., concur.

FINLEY, J. (dissenting)—In the instant case it seems to me that the respondents were mainly interested in injunctive relief, and that this, in effect, put the controversy on the so-called "equity side" of the court. However, the respondents also requested relief in damages and their costs. The trial court granted equitable relief and awarded damages plus costs. The majority, emphasizing the equity aspects, speaks of this lawsuit as being moot and cites cases of this court relative to dismissal of appeals in such instances. The majority opinion states:

"If the construction work on the particular project here involved is now completed, as it would seem it is, neither party could gain any benefit by our either affirming or reversing the judgment of the trial court. . . ."

Lastly, the majority remands this case to the trial court for a determination as to whether the construction project here involved has been completed, and the trial court is directed to dismiss the action if the construction project has been completed. I think this completely overlooks the fact that $100 damages and costs have been awarded to respondents. In effect, the majority at the appellate level of this litigation seems to have split or compartmentalized the relief sought by plaintiffs and granted by the trial court, apparently viewing the injunction as equitable and the damages as legal in nature. Having thus, in effect, segregated the relief granted by the trial judge, the majority apparently finds it necessary to consider the damages as a separate matter, ostensibly concluding that the amount involved is insufficient to meet the constitutional jurisdictional requirement for appeal.

We have consistently held that the constitutional requirement of a $200 minimum for appeal to this court (Washington Const., Art. 4, § 4) does not apply to equity actions. *Bradley v. Fowler* (1948), 30 Wn. (2d) 609, 192 P. (2d) 969, 2 A.L.R. (2d) 822; *Bowen v. Department of Social Security* (1942), 14 Wn. (2d) 148, 127 P. (2d) 682; *Ellison v. Scheffsky* (1926), 141 Wash. 14, 250 Pac. 452; *Fox v. Nachtsheim* (1892), 3 Wash. 684, 29 Pac. 140. Thus, if an action is equitable in nature, the amount in controversy as to appellate jurisdiction becomes inconsequential. But, when equity assumes jurisdiction over the subject matter of an action and of the parties to be affected, it will retain jurisdiction for all purposes and grant whatever relief the facts warrant. *Carstens Packing Co. v. Cox* (1955), 47 Wn. (2d) 346, 287 P. (2d) 486; *Hubbell v. Ward* (1952), 40 Wn. (2d) 779, 246 P. (2d) 468; *In re Schnoor's Estate* (1948), 31 Wn. (2d) 565, 198 P. (2d) 184. In the instant case the determination by the trial court that the union activity was unlawful provided the basis for the relief granted, and the injunction

and damage relief are parts of the same ball of wax. Since the question of damages and the propriety of the injunction are so interrelated, it seems to me inappropriate for this court, in terms of appellate procedural technicalities, to separately consider and dispose of the two kinds of relief afforded by the trial court, particularly in light of the fact that such severance will probably result in a denial of any appellate review.

Normally, when there has been a legitimate assumption of jurisdiction, a court will not later engage in technicalities to defeat its own jurisdiction. This reluctance to disclaim jurisdiction is indicated by *National Ass'n of Creditors v. Grassley* (1930), 159 Wash. 185, 292 Pac. 416, wherein the appellant had three causes of action, each of which was for less than $200, and the court refused to sever them, treating them instead as an entity for the purposes of appellate jurisdiction.

The majority opinion ostensibly is predicated upon the assumption that the dispute with reference to the injunction may be moot, and, as mentioned above, the item of damages is simply relegated to obscurity. The rationale underlying the utilization of the doctrine of mootness seemingly is: (1) conservation of judicial time in avoiding advisory opinions and the answering of academic questions, and (2) the benefits of the adversary system, which is relied upon to present all the pertinent facts, policies and legal issues to the court, may be lost if a case is moot, as a party having nothing to gain may lack the incentive to prepare and present the case fully. Parenthetically, it should be noted that the briefs in this case evidence a thorough job of researching the law with reference to the merits of the controversy.

Even assuming, arguendo, that the building may have been completed and that the injunction issued in the instant case may no longer be effective, this does not deprive this court of jurisdiction under the theory of mootness. In *Bowen v. Department of Social Security, supra,* (p. 153), our court stated, with reference to a request for the dismissal of an appeal on the basis of mootness, "The rule

does not rest upon a *want* of jurisdiction, but *refusal* to take jurisdiction of moot cases." Hence, a determination of mootness does not mean that the court lacks jurisdiction; but rather, such a determination only serves to relieve the court from the necessity of rendering a decision on the merits when such a decision would not accomplish any purpose. The Supreme Court of Kansas expressed this thought in *State ex rel. Anderson v. Engler* (1957), 181 Kan. 1040, 317 P. (2d) 432, 434:

"However, since mootness does not affect the court's jurisdiction, it will proceed to judgment whenever dismissal of an appeal adversely affects any rights vital to the parties, . . ."

In the instant case, even if the effectiveness of an injunction is moot, the matter of damages—whether somewhat obscure or lurking—nevertheless still remains. Thus, although a part of the controversy may be considered as moot, certainly some rights of the parties remain for review and final adjudication by this court; namely the judgment for $100 and the costs against appellants, awarded to respondents in the trial court. For the reasons indicated I believe this court should render a decision on the merits of this controversy; consequently, I dissent.