DUNCAN GILLIS, *et al.*, v. EDWIN W. GILLIS, as Executor.
156 So. 496.

*L. H. Brannon,* for Appellants;

*D. Stuart Gillis,* for Appellee.

DAVIS, C. J.—This is an appeal from the Circuit Court of Walton County to this Court from a decree of the Circuit Court dismissing a petition filed in the County Judge's Court seeking revocation of the probate of the last will and testament of S. K. Gillis, deceased. Under the applicable statute (Section 4642 C. G. L., 2923 R. G. S.) the appeal from the Circuit Court to the Supreme Court in such matters is governed in all respects by the law and rules regulating appeals in chancery. Appellee has specially appeared and moved to dismiss the appeal for want of jurisdiction.

The appeal from the County Judge's Court to the Circuit Court, as entered, named no return day. The transcript fails to show any authentication of the papers or proceedings in the County Judge's Court by the County Judge or his clerk, nor does it appear that in the Circuit Court there was ever filed any transcript of the proceedings of the County Judge's Court as required by law or the applicable rules of procedure. Nor does any assignment of errors, directions to the County Judge for making up the record, or notice to or service of any such upon counsel for appellee appear to have been accomplished. Two years after the purported appeal was taken, the Circuit Court dismissed it upon its own motion for want of jurisdiction, and so recited in the order now appealed from. Chapter 16103, Acts of 1933, is not in anywise involved because the decedent died prior to October 1, 1933.

The entry of appeal in the County Judge's Court was not legally sufficient to give to the Circuit Court appellate jurisdiction of the cause because it named no return day and was therefore in violation of the statute requiring such appeals to conform to the "rules regulating" taking of appeals in chancery. Section 4642 C. G. L., 2023 R. G. S., *supra*. So jurisdiction of the Circuit Court over the subject matter of the appeal was never acquired by that court as a court of appeal having intermediate appellate jurisdiction in the premises.

It follows that the Circuit Court, being without jurisdiction of the subject matter of the appeal attempted to be brought before it, was without authority to do other than make the order it did dismissing the attempted appeal to it from the County Judge's Court. And so it is that the Supreme Court being dependent for its jurisdiction upon a properly lodged appeal from the County Judge's Court first decided by the Circuit Court, is likewise without jurisdiction to do other than enter its own order dismissing the present appeal for want of jurisdiction to proceed with it under the circumstances. The case of Fuller v. Burruss, 102 Fla. 1145, 137 South. Rep. 241, expressly recognizes such to be the rule where the Circuit Court has never acquired jurisdiction of the subject matter, as distinguished from jurisdiction over the parties, embraced in an attempted entry of appeal from the County Judge's Court to the Circuit in probate cases.

The appeal is dismissed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.