[No. 29676. Department One. October 1, 1945.]

NELLIE A. FORTIER, *Appellant*, v. LOUIS P. FORTIER, *Respondent*.[1]

*John C. Richards*, for appellant.

*A. E. Dailey*, for respondent.

SIMPSON, J.—This is an appeal from an order of the trial court, refusing to compel respondent to pay alimony and support money. The facts necessary to be considered are these:

May 20, 1942, the superior court of Snohomish county entered its interlocutory order in the divorce action pending between appellant and respondent. In that order, ap-

[1]Reported in 162 P. (2d) 438.

pellant was allowed the custody of a minor child and the sum of three hundred fifty dollars per month for alimony and support.

February 23, 1943, respondent filed a motion for a final decree. Appellant contested the motion upon the grounds that, since the entry of the interlocutory order or decree, the parties "had reconciled their differences, had lived together as man and wife, and had cohabited as such, occupying the same bed in plaintiff's home for a period of eighteen days."

A hearing was had, and at its conclusion the court entered an order denying respondent's motion. That order contained the following language:

"IT IS HEREBY ORDERED, that final decree herein be denied to the defendant for the reason that on or about the 16th day of May, 1942, the defendant and the plaintiff herein resumed the marital relationship."

No appeal was taken from the order. Respondent refused to make the payments for support and alimony after October 18, 1944. Thereafter the court, at the instance of appellant, issued its order requiring respondent to show cause why he should not be held in contempt for failure to make the payments to which we have just referred. A hearing was had and the court refused to enter an order holding respondent to be in contempt. This appeal followed.

Appellant contends that the trial court erred in refusing to hold respondent in contempt for failure to pay the alimony and support money as provided for in the interlocutory order.

The order denying the motion for a final decree was in effect a final judgment which determined the rights of the parties to the divorce action. It vacated and rendered void the interlocutory order and returned the parties to their original status of husband and wife. Thereafter the court did not have jurisdiction to consider any proceeding relative to the payment of any money for alimony or support, as provided for in the interlocutory order.

The statement is found in many cases that, where the trial court has no jurisdiction of the subject matter, the

appellate court can have none. This statement is accurate in the sense that, while this court has jurisdiction, procedurally, to entertain an appeal, it has no greater jurisdiction of the subject matter or the merits than had the trial court. If it were not so, then there would be no remedy for the pretended judgments of the lower courts in those cases in which affirmative judgment was rendered without jurisdiction. The duty of this court, upon reversing on such a case, would be to render such a judgment as the trial court should have rendered it, which would be one dismissing the case. *Gillis v. Gillis*, 116 Fla. 461, 156 So. 496; *State v. Roach*, 195 Wis. 545, 218 N. W. 829; *Fox v. Nachtsheim*, 3 Wash. 684, 29 Pac. 140.

 The trial court did not have jurisdiction to pass upon the merits of the controversy presented in the show cause order. That being true, this court does not have jurisdiction to consider the questions presented by this appeal.

The appeal is therefore dismissed.

BEALS, C. J., MILLARD, STEINERT, and MALLERY, JJ., concur.