[No. 45901. En Banc. August 23, 1979.]

LOUIS P. ESMIEU, ET AL, *Respondents,* v. ELISSA ESMIEU SCHRAG, ET AL, *Respondents,* JACK HSIEH, ET AL, *Appellants.*

*Leavy & Taber, John G. Schultz,* and *Andrew C. Bohrnsen,* for appellants.

*LeSourd, Patten, Fleming, Hartung & Emory, Leon C. Misterek, Edwards & Barbieri, Malcolm L. Edwards,* and *Charles K. Wiggins,* for respondents.

DOLLIVER, J.—This case is the third in a series involving identical parties and property. It is a direct descendant of *Esmieu v. Schrag (Esmieu* I), 88 Wn.2d 490, 563 P.2d 203 (1977). *See also Esmieu v. Hsieh (Esmieu* II), 92 Wn.2d 530, 598 P.2d 1369 (1979).

In 1973 and 1974, members of the Esmieu family entered into two agreements with Jack and Dorothy Hsieh. The purpose of those agreements was to generate more income to the Esmieu family by diversifying property held under a trust. Because the original trust instrument required the Esmieus to keep the trust property intact, the trustees sought court approval of the proposal to diversify by bringing an action against beneficiaries of the trust. On June 27, 1974, the Superior Court issued a pretrial order which incorporated the provisions of both agreements. Subsequent orders which approved a specific exchange of property were vacated on due process grounds in *Esmieu v. Schrag (Esmieu* I), 15 Wn. App. 260, 548 P.2d 581 (1976), *aff'd,* 88 Wn.2d 490, 563 P.2d 203 (1977). Neither the Court of Appeals nor this court discussed the validity of the June pretrial order which is the subject of this case. When

*Esmieu* I was remanded, Hsieh intervened to seek enforcement of the pretrial order and the agreement between himself and the Esmieus. The trial court granted Esmieus' motion for summary judgment and dismissed Hsiehs' complaint in intervention as well as the original complaint brought by the trustees against the beneficiaries. The basis for the trial court's decision was that the pretrial order was invalid because it conflicted with the terms of the trust instrument.

We reverse the trial court and uphold the validity and order the enforcement of the pretrial order and the agreements between these parties.

▪ The use of pretrial orders is governed by CR 16(b), which states, *inter alia:*

> The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.

The rule is based upon rule 16 of the Federal Rules of Civil Procedure. State rules based upon rule 16 have generally been construed in a uniform manner. Annot., *Binding Effect of Court's Order Entered After Pretrial Conference,* 22 A.L.R.2d 599 (1952). The general rule is that new theories will not be entertained after the parties have entered into pretrial conference and a pretrial order has been issued as a result. *Miller v. Brazel,* 300 F.2d 283 (10th Cir. 1962); *Wiggins v. Philadelphia,* 331 F.2d 521 (3d Cir. 1964). The parties are bound by the facts agreed to and established by the order. *United States v. Sommers,* 351 F.2d 354 (10th Cir. 1965).

If, as was the case here, a new issue is introduced into the litigation after the parties have entered into a pretrial order, the court will consider the issue and modify the order to prevent manifest injustice. *Manbeck v. Ostrowski,*

384 F.2d 970 (D.C. Cir. 1967); *Washington Hosp. Center v. Cheeks,* 394 F.2d 964 (D.C. Cir. 1968). Esmieus claimed that the "manifest injustice" which required vacation of the order was that the provisions were contrary to the settlor's directions set forth in the trust instrument. Such directions were, of course, available to and known by all parties at the time the order was entered. Thus, respondents' reliance on *In re Estate of Glant,* 57 Wn.2d 309, 356 P.2d 707 (1960), is misplaced. In that case, the court stated:

> The office of the pretrial conference is to expedite the final determination of the issues being litigated. Its use is not to operate as a barrier to the presentation of material facts at the trial, *which were not considered at the pretrial conference because they were mutually unknown, and which became known to the parties subsequently.*

(Italics ours.) *Glant's Estate,* at 312. The only new information which the trust beneficiaries received was with respect to the interest of another potential lessee, International Pelleting Company, which subsequently obtained a lease from Esmieus of the property governed by the pretrial order.

There was no manifest injustice to the Esmieus. Indeed, if there is any injustice, it is to the Hsiehs who entered into a pretrial order only to be replaced by a higher bidder nearly 4 years later.

The Esmieus next contend that the terms of the trust do not permit the exchange of Tract A and that *In re Estate of Peterson,* 12 Wn.2d 686, 123 P.2d 733 (1942), compels the vacation of the pretrial order. *Peterson's Estate* involved a pattern of misconduct by the administrator of an estate and his attorney which culminated in an order of the probate court awarding excessive fees to the administrator and his attorney. This court stated the probate court had the "direct responsibility for the proper administration of every estate." *Peterson's Estate,* at 722. The court went on to assert, at page 723:

> Furthermore, it makes no difference whether or not the parties who brought this fact to the court's attention

were legally entitled to complain of the void order. It is the court which takes the initiative in striking down the invalid order, and the source of the information inducing the action is not material. The court may even act on facts supplied by total strangers to the estate appearing as friends of the court. But whatever the source of its information, once the court has determined that the facts are as represented, it should of its own motion take the proper steps to correct the situation. *In re Mignerey,* 11 Wn. (2d) 42, 118 P. (2d) 440.

That language, while compelling in *Peterson,* cannot be applied to this case to vacate the pretrial order. First, the parties attacking the order in *Peterson* were creditors and heirs of the administrator. The court in *Peterson* held the order "absolutely void for lack of jurisdiction in the court to make such an order *ex parte* and without notice." *Peterson's Estate,* at 718. Here, the Esmieus were parties to the order and had been fully notified. More fundamental is the fact that the intent of the pretrial order in this case was to allow all those connected with the Esmieu estate to meet the financial expectations of both the settlor and the beneficiaries. As the trial court in *Esmieu* I stated in a letter to the parties:

> The Court believes it is imperative to obtain water for the land held in the Esmieu trust. This compelling need was probably the most important factor leading all interested parties to agree that the trust should be diversified.

*Esmieu v. Schrag (Esmieu* I), 88 Wn.2d 490, 494, 563 P.2d 203 (1977).

Conditions compelled a departure from the terms of the trust in order to carry out the settlor's intended purpose of providing maximum income to the beneficiaries; all beneficiaries consented to the chosen means of diversification; all affected individuals were made parties to the action seeking judicial authorization; and judicial authorization was set forth in the pretrial order signed by the court with the approval of Esmieus. These procedures meet

the requirements of trust law and should not be over-turned. *See Donnelly v. National Bank,* 27 Wn.2d 622, 179 P.2d 333 (1947); Restatement (Second) of Trusts § 167 (1959); 76 Am. Jur. 2d *Trusts* §§ 289 and 456 (1975).

■ Finally, the doctrine of equitable estoppel applies in this case:

> The requisites of an equitable estoppel are: (1) an admission, statement, or act, inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party arising from permitting the first party to contradict or repudiate such admission, statement, or act.

*Shafer v. State,* 83 Wn.2d 618, 623, 521 P.2d 736 (1974).

All of these elements are met here. Actions were taken by the Esmieus culminating in the June 27, 1974, order on which Hsieh was expected to, and did, rely. The subsequent action of the Esmieus is wholly inconsistent with their original position. Hsieh acted in reliance on the Esmieus' signing of the agreements and the order and was injured as a result. *Esmieu v. Hsieh (Esmieu* II), 92 Wn.2d 530, 598 P.2d 1369 (1979).

The trial court is reversed and the respondents are ordered to perform all of the obligations set forth in the pretrial order of June 27, 1974.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, HICKS, and WILLIAMS, JJ., concur.