[No. 7952–2–I.   Division One.   April 9, 1981.]

RALPH R. ANDERSON, ET AL, *Respondents,* v. SECTION 11,
INC., ET AL, *Appellants.*

*James P. McGowan,* for appellants.

*Lyman Hull,* for respondents.

CORBETT, J.—Section 11, Inc., was formed to develop a section of land (approximately 640 acres) which it leased from Northern Pacific Railway (now Burlington Northern) for a term of 99 years. The lease permitted sublease of recreational homesites. Fifty acres were platted into a development called Vikingdal, consisting of 101 circular, noncontiguous lots. Only 29 of the lots were leased; plaintiffs are sublessees.

This action arose when Section 11, Inc., demanded from plaintiffs a substantial increase in lease payments. Section 11, Inc., had encountered financial difficulty and sought to pass on to sublessees all of the rental payments owed to Burlington Northern on the master lease, contending that the following clause in the subleases so provided:

> Upon August 31, 1971 and every five years thereafter, the annual rental shall, at the option of the lessor, be adjusted to reflect any increase in the rental between les-

sor and the Northern Pacific Railway Co. pursuant to the terms of their lease. . . .

The trial court considered the terms of the sublease, promotional statements made by Section 11, Inc., the history of development and prior rental charges. It found that the parties did not intend that 100 percent of the increase would be paid by such a small number of lessees as the present 29. The court then found that the increase should be borne by approximately 70 percent of the Vikingdal lots. This was held to produce a reasonable profit for Section 11, Inc., over and above retiring the annual rental charged by the railroad. As to future rental falling due after the 1981 anniversary date, the court additionally adjusted the basic rental by reference to the Consumer Price Index. The court, in effect, found the leases to be ambiguous and applied equitable principles to determine the intent of the parties and fix a reasonable sum as the rental to be paid. This is within the equitable power of the court and it was not error for the court to so adjust the required rental. *Diettrich v. J.J. Newberry Co.*, 172 Wash. 18, 19 P.2d 115 (1933); *Young v. Nelson*, 121 Wash. 285, 209 P. 515, 30 A.L.R. 568 (1922).

After plaintiffs leased their lots, defendant, Reintree Corporation, acquired all of the shares of Section 11, Inc. Reintree also acquired an option from Burlington Northern to purchase a fee interest in the 640 acres. Reintree then proposed to develop Starwater Divisions which consisted of platting the remainder of the 640 acres (outside Vikingdal) into rectangular lots contiguous with adjoining lots. This differed substantially from the Vikingdal plat of circular noncontiguous lots and had the effect of denying freedom of movement throughout the 640 acres, threatening the pristine character of the forest environment.

Although the original and first and second amended complaints sought to enjoin future development of Section 11 unless the Vikingdal development plan was utilized, the parties agreed to and entered a pretrial order, pursuant to CR 16(b), which did not include this as an issue to be liti-

gated. However, during the course of the trial, evidence addressed to the future development was introduced by the plaintiffs. The court found that the future development of Section 11 must be conducted in such a manner so as to preserve plaintiffs' rights under their lease agreements with Section 11, Inc., and entered judgment enjoining Reintree as well as Section 11, Inc., from proceeding with development of the Starwater Divisions except in conformity with the covenants and restrictions found in the plaintiffs' subleases. The defendants have appealed, urging in part that the issue is outside the scope of the pretrial order.

██ If a new issue is introduced after the parties have entered into a pretrial order, the court may consider the issue and modify the order to prevent manifest injustice. *Esmieu v. Schrag*, 92 Wn.2d 535, 538, 598 P.2d 1366 (1979). CR 15(b) provides that:

> When issues not raised by the pleadings are tried by express or *implied* consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.*

(Italics ours.) No objection was made to the introduction of evidence pertinent to this issue and there is no showing that the defendants were surprised or in some way prejudiced. It is well settled that objections to evidence cannot be raised for the first time on appeal. *Sepich v. Department of Labor & Indus.*, 75 Wn.2d 312, 319, 450 P.2d 940 (1969). It was therefore not error for the trial court to admit the evidence and consider it in reaching its judgment. However, the judgment was erroneous for other reasons.

██ The trial court found that in the event Reintree acquires the fee, its future development of Section 11 shall be in circular–shaped lots, preserving to the plaintiffs their freedom of movement throughout the section and other

rights inherent in their subleases. This portion of the judgment is predicated upon "finding of fact" No. 22.

In the event Reintree Corporation does acquire the title to section 11 as contemplated, this would have the effect of merging the lessor's interest with the lessee's interest of the Master lease and would leave Reintree Corporation in a position where it has all of the responsibility of Section 11, Inc. to the plaintiff lessees pursuant to their respective lease agreements with Section 11, Inc. Reintree Corporation has acquired all of the stock of Section 11, Inc., has taken over the operation of Section 11, Inc. and has conducted itself at all times since as the lessor under the subleases involved in this case.

Although denominated a finding of fact, it would be more properly connoted a conclusion of law. As such, it need not be accepted as a verity and is subject to review by this court. *Alexander & Alexander, Inc. v. Wohlman,* 19 Wn. App. 670, 684, 578 P.2d 530 (1978). We find it and the corresponding portion of the judgment to be in error. There was no evidence to justify disregard of the corporate entities of Reintree and Section 11, Inc., and there was no merger of estates so that the ownership of the fee by Reintree would encumber its fee interest by covenants contained in or implied from the subleases.

Reintree Corporation is a real estate developer that had operated in the Greater Seattle area for approximately 6 years before this suit was commenced. Its gross sales were $2 1/2 to $3 million annually; it took an option on Section 11, Inc., stock and was thereby authorized to negotiate with Burlington Northern on behalf of Section 11, Inc., to fix the rental owed under the master lease. At the same time, it negotiated on its own behalf to purchase the underlying property. It then acquired all of the shares in Section 11, Inc., and proceeded to staff it with identical officers and directors as were running Reintree. Separate books and records were maintained.

Mere subsidiary status does not permit disregard of the corporate entity. *Rena–Ware Distribs., Inc. v. State,* 77 Wn.2d 514, 518, 463 P.2d 622 (1970). The decision whether

to disregard the corporate entity must be made on the basis of the following test:

1. (*a*) If there is an overt intention to regard or disregard the corporate entity, effect will be given thereto unless so to do will violate a duty owing.

(*b*) The overt intention is that of the corporation whose entity is sought to be disregarded or of the person or persons owning its stock and sought to be visited with the consequence of regard or disregard of the corporate entity.

(*c*) The duty owing must be owing to the person seeking to invoke the doctrine, and such duty may arise from common law and equity, contract or statute.

Horowitz, *Disregarding the Entity of Private Corporations,* 15 Wash. L. Rev. 1, 11 (1940). This test has been expressly cited as the law. *Frigidaire Sales Corp. v. Union Properties, Inc.,* 14 Wn. App. 634, 640, 544 P.2d 781 (1975); *J.I. Case Credit Corp. v. Stark,* 64 Wn.2d 470, 475–76, 392 P.2d 215 (1964), and relied upon without citation in three opinions written by Justice Horowitz. *Morgan v. Burks,* 93 Wn.2d 580, 611 P.2d 751 (1980); *Soderberg Advertising, Inc. v. Kent–Moore Corp.,* 11 Wn. App. 721, 732, 524 P.2d 1355 (1974); *Harrison v. Puga,* 4 Wn. App. 52, 63–64, 480 P.2d 247, 46 A.L.R.3d 415 (1971). Whenever there is a parent/subsidiary corporate relationship, there is a potential for confusion of the corporate identities. Here, however, after Reintree acquired the Section 11 stock, it scrupulously observed the separate character of Section 11 and Reintree in dealing with the plaintiffs. Thus, Reintree took evident pains to regard the separateness of the entities, thereby manifesting an intent to regard the corporate entities.

▮▮ Giving effect to this intent will violate no duty owed to the plaintiffs. Whether the corporate interest is regarded or disregarded, the plaintiffs remain in the same position, *i.e.,* subject to the master lease. It is not acquisition of the Section 11, Inc., stock that permits Reintree to develop Starwater as proposed, rather it is purchase of fee title from Burlington Northern. The trial court erroneously concluded that this would cause a merger of estates. The

doctrine of merger is not favored in Washington.

It was an inflexible rule at common law that a merger always took place when a greater and a lesser estate met in the ownership of the same person without any intermediate estate, but modernly the doctrine of merger is not favored either at law or in equity. Consequently, the courts will not compel a merger of estates where the party in whom the two interests are vested does not intend such a merger to take place, or where it would be inimical to the interest of the party in whom the several estates have united . . .

*Mobley v. Harkins,* 14 Wn.2d 276, 281–82, 128 P.2d 289, 143 A.L.R. 88 (1942). *National Bank of Commerce v. Fountain,* 9 Wn. App. 727, 514 P.2d 194 (1973); *White v. Coates,* 17 Wn.2d 686, 137 P.2d 113 (1943). There is no evidence to demonstrate such intention in this case and it would be clearly against the interest of Reintree. Should Reintree acquire the fee, it will possess the rights of Burlington Northern and the only duties owed to the plaintiffs by Reintree will be those imposed by the master lease. A subtenant has no greater rights against the owner than his immediate landlord. *McDuffie v. Noonan,* 176 Wash. 436, 439, 29 P.2d 684 (1934).

■ Some plaintiffs have cross–appealed claiming the trial court erred in dismissing their claims under the Interstate Land Sales Full Disclosure Act, 15 U.S.C.A. § 1701 *et seq.* (1974), the Land Development Act of 1973, RCW 58.19, and the Consumer Protection Act, RCW 19.86. The trial court found:

The problems involved in this case arise out of changes of circumstances and problems in the interpretation of the rights of the parties generated largely through those changes of circumstances. It appears to the court that there has been no deceptive or fraudulent practice on the part of any of the defendants.

Finding of fact No. 32. The plaintiffs have not assigned error to this finding of fact and therefore it becomes the established fact of the case. *Seattle v. Evans,* 75 Wn.2d 225, 228, 450 P.2d 176 (1969). The threshold determination

in each of the referenced statutes is a fraudulent or deceptive practice. The plaintiffs having failed to establish this essential fact, the trial court properly denied recovery.

The judgment, insofar as it fixes past and future rental subject to the master lease and gives credit for overpayment, is affirmed. To the extent that the judgment purports to enjoin, restrain or restrict any future development of the 640 acres, it is reversed. Dismissal of the plaintiffs' statutory claims is affirmed.

RINGOLD, A.C.J., and WILLIAMS, J., concur.