801 P.2d 852 (1990)
104 Or.App. 332
In the matter of the Testamentary Trust under the Will of J.W. Stuchell, Deceased.
Appeal of Edna E. Rogers HARRELL.
105-A; CA A63644.
Court of Appeals of Oregon, In Banc.
Argued and Submitted May 16, 1990.
Decided November 21, 1990.
Resubmitted September 12, 1990.
Reconsideration Denied January 16, 1991.
D. Charles Mauritz, Portland, argued the cause for appellant. With him on the brief were Timothy R. Volpert, O. Michael Rinke and Davis Wright Tremaine, Portland.
Resubmitted In Banc September 12, 1990.
BUTTLER, Judge.
Petitioner appeals from the trial court's dismissal of her petition for approval of an agreement to modify a trust. The stated purpose of the proposed modification is to protect a retarded remainder beneficiary. We affirm.
Petitioner is one of two surviving life-income beneficiaries of a testamentary trust established by her grandfather, J.W. Stuchell, in his 1947 will. The trust will terminate on the death of the last income beneficiary, at which time the remainder is to be distributed equally to petitioner's children or their lineal descendants, per stirpes. One of petitioner's four children, John Harrell (Harrell), is a mentally retarded 25 year old who is unable to live independently without assistance. His condition is not expected to improve, and he will probably require care and supervision for the rest of his life. No guardian or conservator has been appointed for him. The Oregon Mental Health Division currently provides his basic care in the Eastern Oregon Training Center, a residential facility for mentally and physically disabled persons. He receives Medicaid and Social Security benefits, both of which have income and resource limitations for participants.
In December, 1989, petitioner requested the court to approve, on behalf of Harrell,[1] *853 an agreement, which had been approved by the other income beneficiary and remaindermen,[2] to modify the trust. If the trust is not modified, Harrell's remainder will be distributed directly to him if he survives the two life-income beneficiaries. If and when that happens, his ability to qualify for public assistance will be severely limited. The proposed modification provides for the continuation of the trust, if Harrell survives the two life-income beneficiaries, and contains elaborate provisions that are designed to avoid his becoming disqualified, in whole or in part, for any public assistance programs. The stated purpose is to ensure that the trust funds be used only as a secondary source of funds to supplement, rather than to replace, his current income and benefits from public assistance.
Petitioner relies on ORS 128.135(2)(c) as authority for court approval of the agreement to modify the trust or, if the statute does not authorize it, on the common law. The statute provides, in part:
"(2) Any beneficiary of a trust * * * may petition a court with jurisdiction to grant equitable remedies in any county where the trust assets are located or where the trustee resides for the purpose of any of the following:
"* * * * *
"(c) Obtaining authority, approval or instructions on any matter concerning the interpretation of the trust or the administration, settlement or distribution of the trust estate."
Petitioner contends that, because the statute authorizes the court to approve "any matter concerning the * * * distribution of the trust estate," the court has authority to approve her proposed modification of the trust. Clearly, the statute does not go that far. There are many instances in which a beneficiary or a trustee might seek approval or instructions concerning a proposed distribution of the trust assets under the terms of the trust. See Masters v. Bissett, 101 Or. App. 163, 182-83, 790 P.2d 16 (1990). Because the statute does not even mention the modification of a trust, we conclude that it does not authorize the court to approve an agreement to modify a trust, unless the modification is one that might be made without statutory authority, that is, at common law. We agree with petitioner that the statute does not limit or abrogate any right that she might have under common law principles. ORS 128.175.[3]
That leaves petitioner to her reliance on the common law. She contends that Closset v. Burtchaell, 112 Or. 585, 230 P. 554 (1924), is authority for allowing a court to approve her proposed modification. That case holds that a trust may be terminated, if (1) all of the beneficiaries agree, (2) none of the beneficiaries is under a legal disability and (3) the trust's purposes would not be frustrated by doing so. 112 Or. at 597, 230 P. 554. The court said:
"It is a well-established rule that where the purposes for which a trust has been created have been accomplished and all of the beneficiaries are sui juris, a court will, on the application of all of the beneficiaries or of one possessing the entire beneficial interest declare a termination of the trust[.]"
Restatement (Second) Trusts § 337 (1959) follows that rule. By its terms, that rule applies only to the termination of a trust under very limited circumstances. Petitioner, relying on Restatement (Second) Trusts § 167(1) (1959), urges us to extend *854 the rule to permit modification. That section provides:
"The court will direct or permit the trustee to deviate from a term of the trust if owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment of the purposes of the trust; and in such case, if necessary to carry out the purposes of the trust, the court may direct or permit the trustee to do acts which are not authorized or are forbidden by the terms of the trust."
Comment b to that section states:
"The court will not permit or direct the trustee to deviate from the terms of the trust merely because such deviation would be more advantageous to the beneficiaries than a compliance with such direction."
See In re Traung's Estate, 207 Cal. App.2d 818, 833-34, 24 Cal. Rptr. 872 (1962), and Dyer v. Paddock, 70 N.E.2d 49, 395 Ill. 288 (1946), which apply the rule as stated in that comment. Even assuming that the Restatement rule were to be adopted as the law in Oregon, it is clear that the limitation imposed by the comment would preclude permitting the proposed amendment, the only purpose of which is to make the trust more advantageous to the beneficiaries. The most obvious advantage would be to the three remaindermen who have consented to the amendment.
There being no statutory or common law authority[4] for a court to approve the proposed agreement modifying the trust, the trial court did not err in dismissing the petition.[5]
Affirmed.
RIGGS, Judge, dissenting.
The majority is correct about one thing. There are no Oregon cases that are instructive one way or another on the question of the trial court's authority under ORS 128.135(2)(c) to do what the petitioner in this case asks it to do. I read ORS 128.135(2)(c) as giving the probate court substantial powers to "administer" the estate in such a way as to permit the trust modification sought in this case. The majority's reliance on the fact that ORS 128.135(2)(c) does not specifically mention "modification" of trusts as a reason why "modification" must therefore not be included, is not persuasive. That reasoning could well place many other commonly accepted "administrative" decisions outside probate court authority.
The probate court had the authority to allow the petition.
I respectfully dissent.
EDMONDS, Judge, dissenting.
I disagree with the majority's conclusion that there is no common law authority for a court to approve an agreement modifying this trust. Restatement (Second) Trusts § 167(1) (1959), states:
"The court will direct or permit the trustee to deviate from a term of the trust if owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment of the purposes of the trust; and in such case, if necessary to carry out the purposes of the trust, the court may direct or permit the trustee to do acts which are not authorized or are forbidden by the terms of the trust."[1]
*855 See also Bogart and Bogart, The Law of Trusts & Trustees 230, § 561 (rev 2d ed 1983).
Under Section 167(1), two elements must be satisfied before the court may permit a deviation from the express terms of a trust: First, there must be circumstances unforseen or unforeseeable by the settlor; second, the settlor's main objective would be frustrated if strict compliance with the trust were required. See, e.g., In re Traung's Estate, 207 Cal. App.2d 818, 24 Cal. Rptr. 872 (1962); Esmieu v. Schrag, 92 Wash.2d 535, 598 P.2d 1366 (1979). When a deviation concerns the dispositive terms of a trust, the courts impose an additional requirement on the party proposing the deviation: He must show that all the beneficiaries are competent and that all of them join in requesting the change. Bogart, Trusts 519, § 146 (6th ed 1987); see, e.g., Springfield Safe Deposit & Trust Co. v. Stoop, 326 Mass. 363, 95 N.E.2d 161 (1950).
Petitioner has proposed a modification that would deviate from the dispositive terms of the trust. She should have the opportunity to litigate whether the conditions of Section 167(1) can be satisfied. Because the trial court concluded that it had no authority to grant the petition, she was denied that opportunity.
I also disagree with the majority's conclusion that there is no statutory authority for the trial court to approve an agreement modifying a trust, and I agree with Judge Riggs's reading of ORS 128.135(2)(c). There is additional support for his opinion. ORS 128.021 provides:
"ORS 128.003 to 128.051 and 128.065 do not affect the power of a court of competent jurisdiction for cause shown and upon petition of the trustee or affected beneficiary and upon appropriate notice to the affected parties to relieve a trustee from any restrictions on the power of the trustee that would otherwise be placed upon the trustee by the trust or by ORS 128.003 to 128.051 and 128.065."
That provision was enacted by SB 27, Or. Laws 1977, ch. 614, which adopted, with modifications, the Uniform Trustees' Powers Act. It also repealed several provisions, including former ORS 128.040, which provided:
"Nothing in ORS 128.020 to 128.050 restricts the power of a court of proper jurisdiction to permit a fiduciary to deviate from the terms of any will, agreement or other instrument relating to the acquisition, investment, reinvestment, exchange, retention, sale or management of fiduciary property."
The legislative history reveals that former ORS 128.040 is the precursor of ORS 128.021. See Minutes, Senate Committee on the Judiciary 2 (Mar. 31, 1977  statement and written testimony of Rees C. Johnson, attorney, member of the Oregon State Bar Committee on Uniform State Laws). Because former ORS 121.040 authorized a trial court to permit a trustee to deviate from the terms of a trust and ORS 128.021 was intended to perpetuate that authority, the authority to modify a trust is necessarily implicated. The only remaining issue is whether petitioner has shown the cause required by ORS 128.021. I would reverse and remand.[2]
NOTES
[1] ORS 126.227 provides:

"(1) If it is established that a basis exists as described in ORS 126.157 for affecting the property and affairs of a person the court, without appointing a conservator, may authorize, direct or ratify:
"* * * * *
"(b) Any contract, trust or other transaction relating to the protected person's financial affairs or involving the estate of the person if the court determines that the transaction is in the best interests of the protected person.
"(2) Before approving a protective arrangement or other transaction under this section, the court shall consider the interests of creditors and dependents of the protected person and, in view of the disability of the person, whether the protected person needs the continuing protection of a conservator. The court may appoint a special conservator to assist in the accomplishment of any protective arrangement or other transaction authorized under this section who shall have the authority conferred by the order and serve until discharged by order after report to the court of all matters done under the order of appointment."
[2] Petitioner emphasizes that the petition is uncontested. However, no one who might be opposed to the proposed modification is a party. The trustee has not consented, because it will be entitled to additional compensation if the modification is approved, which creates a conflict of interest. The other remaindermen, who have approved the proposed modification, also stand to benefit from it.
[3] ORS 128.175 provides:

"The remedies provided by ORS 128.135 and 128.145 are cumulative and do not limit or abrogate any inherent power of a court with jurisdiction to grant equitable remedies, or in any manner limit any lawful power, express or implied, conferred upon the trustee by the instrument creating the trust."
[4] There is one other common law rule, inapplicable here, that permits a court to deviate from the express provisions of a trust. Under the doctrine of cy pres, when a charitable beneficiary of a trust ceases to exist, a court may substitute another charitable organization that performs beneficent work similar to that of the defunct one. See Quick v. Hayter, 188 Or. 218, 215 P.2d 374 (1950); U.S. Nat'l Bank of Oregon v. Rhilander, 67 Or. App. 212, 677 P.2d 745 (1984).
[5] We express no opinion as to whether the proposed modification would survive a challenge by state or federal agencies that are providing assistance to Harrell.
[1] As noted by the majority, this rule does not apply "merely because such deviation would be more advantageous to the beneficiaries than a compliance with such direction." Restatement (Second) Trusts, § 167(1), comment b.
[2] Because it is not addressed by petitioner, I would not decide whether the Rule Against Perpetuities may also have some bearing on this case.